NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000694
02-MAY-2018
07:58 AM

NO. CAAP-16-0000694

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PENNYMAC CORP., Plaintiff-Appellee, v.
PAUL HUGO GANTT, EDNA GANTT, Defendants-Appellants/
Third-Party Plaintiffs, and FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK; JOHN DOES
1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants and LEGACY MORTGAGE, INC. DBA
LEGACY MORTGAGE; JO KING; INDIVIDUAL DOES A-F; DOE
CORPORATIONS A-F; DOE ENTITIES A-F; and DOE
GOVERNMENTAL UNITS A-F, Third-Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0166)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Paul Hugo Gantt and Edna Gantt

(together, the **Gantts**) appeal from the October 4, 2016 "Order

Denying Defendants/Third-Party Plaintiffs Paul Hugo Gantt and

Edna Gantt's HRCP Rule 60(b) Motion for Relief from the (1)

Findings of Fact, Conclusions of Law, Order Granting [Plaintiff-

Appellee PennyMac Corp.'s (**PennyMac**)] Motion for Summary Judgment

Against All Parties and for Interlocutory Decree of Foreclosure"

(**Order Denying Relief**) entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

In their points of error on appeal, the Gantts argue, on various grounds, that the Circuit Court erred by denying their May 18, 2016 HRCP Rule 60(b) Motion for Relief from the (1) Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed December 29, 2014, Filed April 1, 2015, and (2) Judgment, filed April 1, 2015 (**Motion for Relief**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve the Gantts' points of error as follows:

On April 1, 2015, the Circuit Court entered a Judgment in favor of PennyMac and against the Gantts (**Judgment**) pursuant to the Circuit Court's April 1, 2015 Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**). The Gantts did not timely appeal from the Judgment on the Foreclosure Decree. On May 18, 2016, the Gantts filed the Motion for Relief, seeking to set aside the Foreclosure Decree and Judgment, pursuant to Hawaiʻi

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Rules of Civil Procedure (**HRCP**) Rule 60(b)(4) and (6).[2] On October 4, 2016, the Circuit Court entered its Order Denying Relief and the Gantts timely filed a notice of appeal therefrom.

The Gantts argue that the Foreclosure Decree and Judgment are void and unenforceable under HRCP Rule 60(b)(4) because (1) PennyMac purportedly lacked standing to foreclose on the subject mortgage and (2) the subject note and mortgage allegedly are void under Hawaii Revised Statutes (**HRS**) Chapter 480 due to unfair and deceptive lending practices.

"[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 139, 254 P.3d 439, 450 (2011) (citation omitted). This court has further explained:

> Determining whether a judgment is void is not a matter of discretion under HRCP Rule 60(b)(4). "In the sound interest of finality, the concept of void judgment must be narrowly restricted." Accordingly, "if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned."

Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1319-20 (1990) (citations omitted).

---

[2] HRCP Rule 60 provides, in relevant part:

> **Rule 60. RELIEF FROM JUDGMENT OR ORDER.**
> . . . .
> (b)   **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment.

Here, there is no challenge based on personal jurisdiction or on due process grounds. The argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction for the purposes of HRCP Rule 60(b)(4). Cf. Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17-18, 304 P.3d 1192, 1198-99 (2013) (holding that in an appeal from an order confirming the foreclosure sale, mortgagors were precluded from challenging the nominee's standing to bring foreclosure action).[3]

Likewise, an argument that a note and mortgage are void and unenforceable under HRS § 480-12[4] does not implicate the trial court's jurisdiction. Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 434, 16 P.3d 827, 839 (App. 2000) (holding that "[a] determination under [HRS chapter 480 and federal lending laws] that the note and mortgage were void and unenforceable, as Appellants urge, would not oust personal or subject matter jurisdiction" in the context of HRCP Rule 60(b)(4)). Rather, this foreclosure action is "'in the class of suits' that the [circuit] court 'has the general power to adjudicate.'" Cvitanovich-Dubie, 125 Hawai'i at 142, 254 P.3d at 453 (citation omitted). Thus, we reject the Gantts' argument that the Circuit

---

[3] This court reached the same conclusion in Nationstar Mortg. LLC v. Akepa Properties LLC, CAAP-15-0000407, 2017 WL 1401468 at *2-3 (App. April 19, 2017) (SDO) (stating, "lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4)" and "an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction").

[4] HRS § 480-12 (2008) provides in relevant part,

> § 480-12 Contracts void. Any contract or agreement in violation of this chapter is void and is not enforceable at law or in equity.

4

Court erred in denying HRCP Rule 60(b)(4) relief on these grounds.[5]

In addition, the Gantts argue that they are entitled to relief under HRCP Rule 60(b)(6) because their former counsel untimely filed their February 18, 2015 memorandum in opposition to PennyMac's Motion for Summary Judgment. However, "a party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run 'must establish the existence of "extraordinary circumstances" that prevented or rendered him unable to prosecute an appeal.'" Bartolome, 94 Hawai'i at 436, 16 P.3d at 841 (citation omitted).

Here, the Gantts do not identify any circumstances that prevented them from timely appealing from the Foreclosure Decree and Judgment, let alone extraordinary ones. The Gantts do not explain how the late filing of their memorandum in opposition to the Motion for Summary Judgment relates to their failure to appeal from the Judgment on the Foreclosure Decree. Indeed, it appears that the subject memorandum in opposition was filed one day late, but that the Circuit Court nevertheless took the arguments and evidentiary submissions therein into account. The minutes from the February 25, 2015 hearing on the Motion for

---

[5]     We further conclude that raising these issues in the Motion for Relief was an improper attempt to relitigate the merits of the foreclosure proceedings which is precluded by the doctrine of res judicata. Wise, 130 Hawai'i at 17-18, 304 P.3d at 1198-99; see also Bank of New York Mellon v. R. Onaga, Inc., 140 Hawai'i 358, 368, 400 P.3d 559, 569 (2017); E*Trade Bank v. Chadwick, CAAP-13-0000020, 2014 WL 1239302, *1 (App. March 25, 2014) (SDO), cert. denied, SCWC-13-0000020, 2014 WL 3513036 (July 15, 2014); HSBC Bank USA, N.A. v. Collman, CAAP-13-0005087, 2016 WL 4480724, *1 (App. Aug. 24, 2016) (SDO); Bank of Am., N.A. v. Panzo, CAAP-14-0001356, 2017 WL 1194002, *2 (App. Mar. 31, 2017) (SDO), cert. denied, SCWC-14-0001356, 2017 WL 4837872 (Oct. 26, 2017).

Summary Judgment read in pertinent part, "Court admonished [defense counsel] as to his late filed opposition but noted that it will not strike his pleading." The Gantts provided no transcript of the hearing on the Motion for Summary Judgment or failed to otherwise establish that counsel's error was so detrimental as to constitute an extreme aggravation warranting extraordinary relief under HRCP Rule 60(b)(6).

For these reasons, the Circuit Court's October 4, 2016 Order Denying Relief is affirmed.

DATED: Honolulu, Hawaiʻi, May 2, 2018.

On the briefs:

Gary Victor Dubin,
Katherine S. Belford,
for Defendants-Appellants/
  Third-Party Plaintiffs.

Patricia J. McHenry,
Ryan M. Hamaguchi,
(Cades Schutte)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge